UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA FENTRESS, | 1: 06 CV 00421 AWI WMW HC |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF MANDATE |
| v. | [Doc. 10] |
| KATHY MENDOZA-POWERS, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a petition for writ of mandate, asking for two forms of relief. First, he asks the court to order the California Attorney General to provide him with copies of the complaint from prison officials in regard to his underlying case. Second, he asks the court to appoint counsel, due to his "Parkinson" disease and his "disability disorder."

The federal mandamus statute provides: "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus is an extraordinary writ, and is issued only when (1) the plaintiff's claim is "clear and certain;" (2) the defendant official's duty to act is ministerial and "so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994)

(citations omitted).

Mandamus relief is only available to compel an officer of the United States to perform a duty; federal courts are without the power to issue mandamus to direct state courts or their judicial officers in the performance of their duties. A petition for mandamus to compel a state court to take or refrain from some action is frivolous as a matter of law. Demos v. U.S. District Court, 925 F.2d 1160, 1161-72 (9th Cir.) (Imposing no filing in forma pauperis order), *cert. denied*, 111 S.Ct. 1082 (1991); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement); Dunlap v. Corbin, 532 F.Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir. 1982). Accordingly, the court finds that Petitioner's request that this court order the California Attorney General to provide him with copies of the complaint from the underlying action challenged in this case is frivolous as a matter of law.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. In particular, the court finds that Petitioner has filed pleadings in this case. In addition, for reasons stated in the Magistrate Judge's order, it does not appear the chances of Petitioner succeeding in this action is the type for which the court should use its limited resources.

Accordingly, IT IS HEREBY ORDERED that Petitioner's petition for writ of mandamus is DENIED.

IT IS SO ORDERED.

**Dated:   January 26, 2008**             /s/ **Anthony W. Ishii**
                                         UNITED STATES DISTRICT JUDGE